UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID M. DENNING AND VALERIE DENNING,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 3:22-cv-00467-ART-CLB<br><br>ORDER |

Before the Court are Petitioners David and Valerie V. Denning's ("Petitioners") Petition to Quash Summons (ECF No. 1) and Respondent United States' Motion to Dismiss or Summarily Deny Petition and Enforce Summons (ECF No. 3). For the reasons set forth below, the Court denies Petitioners' Petition to Quash Summons, grants the United States' Motion to Dismiss, and orders the United States to file a proposed order compelling Petitioners comply with the summonses.

I.      **FACTUAL BACKGROUND**

After Petitioners initially filed a federal income tax return indicating $193,183.00 in income for the tax year ending December 31, 2018, they subsequently amended their tax return to reflect $0.00 in income. (ECF No. 3 at 2). Petitioners later filed tax returns indicating $0.00 in income for years ending December 31, 2020, and December 31, 2021. (*Id.*) The Internal Revenue Service ("IRS") believed Petitioners may have received income during the tax years where Petitioners reported zero income. (*Id.*) Based on third party information,

the IRS opened an examination to determine Petitioners' correct tax liability for tax years 2018, 2020, and 2021. (*Id.* at 2-3).

On October 3, 2022, the IRS issued summonses to several banks or credit unions where the IRS believed Petitioners held accounts to obtain information to assist them in their investigation. (ECF No. 3 at 3). On the same day, the IRS gave notice of the summonses to Petitioners. (*Id.*)

On October 19, 2022, Petitioners filed a Petition to Quash Summons, arguing that the summonses violate their Fourth Amendment rights and are otherwise improper because the relevant statute—26 U.S.C. 7602(a)—"improperly includes petitioners in the limited class of persons and entities to which the section applies." (ECF No. 1 at 1).

On December 21, 2022, the United States filed a Motion to Dismiss or Summarily Deny Petition and Enforce Summonses. (ECF No. 3). Petitioners timely responded, (ECF No. 5), and the United States timely replied. (ECF No. 6).

## II. DISCUSSION

"Congress has 'authorized and required' the IRS 'to make the inquiries, determinations, and assessments of all taxes' the Internal Revenue Code imposes." *U.S. v. Clarke*, 573 U.S. 248, 249-50 (2014). To support this authority, Congress has granted the IRS "broad latitude to issue summonses '[f]or the purpose of ascertaining the correctness of any return. . . .'" *Id.* (quoting 26 U.S.C. § 7602(a)).

The IRS must establish "good faith" to obtain enforcement of a summons. *United States v. Stuart*, 489 U.S. 353, 359 (1989); *see also Fortney v. United States*, 59 F.3d 117, 119-20 (9th Cir. 1995). The IRS can demonstrate good faith by showing that the summons satisfies the *Powell* factors: "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not

2

1 already within the [IRS's] possession, and that the administrative steps required
2 by the [Internal Revenue] Code have been followed." *United States v. Powell,* 379
3 U.S. 48, 57–58 (1964). The IRS may satisfy the *Powell* factors through the filing
4 of an affidavit from the responsible investigating agent. *See Clarke*, 573 U.S. at
5 250 (citing *Stuart,* 489 U.S. at 360). The government's burden demonstrating
6 good faith is "a slight one." *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414
7 (9th Cir. 1993). If the government makes its prima facie case, "a 'heavy' burden
8 is placed on the taxpayer to show an 'abuse of process' or 'the lack of
9 institutional good faith.'" *Fortney,* 59 F.3d at 120 (quoting *Dynavac,* 6 F.3d at
10 1414).

11       Petitioners first argue that the summonses in question violate the Fourth
12 Amendment. (ECF No. 1 at 2). This is false because the summonses are being
13 issued to a third-party recordkeeper, and the Fourth Amendment's third-party
14 doctrine therefore applies. *See, e.g. Carpenter v. United States*, 138 S. Ct. 2206,
15 2216 (2018) ("the third-party doctrine applies to . . . bank records"); *United*
16 *States v. Miller*, 425 U.S. 435, 440 (1976); *Fisher v. United States*, 425 U.S. 391,
17 397 (1976).

18       Petitioners next make a convoluted argument that 26 U.S.C. § 7602(a) is
19 unenforceable because it is "a mere representation of certain of the Statutes at
20 Large." (ECF No. 1 at 2). This argument is irrelevant because Title 26 is
21 identical to the underlying Internal Revenue Code, as amended, which *has* been
22 enacted into absolute or positive law. Thus, there can be no conflict between the
23 Statute of Large (Internal Revenue Code of 1986, as amended) and Title 26. *See*
24 *Ryan v. Bilby,* 763 F.2d 1325, 1328 (9th Cir. 1985) ("Congress's failure to enact
25 a title into positive law has only evidentiary significance and does not render the
26 underlying enactment invalid or unenforceable.") To the extent Petitioners argue
27 that the IRS is not authorized to issue summonses to their financial
28

institutions, the contention is without merit. *See United States v. Derr*, 968 F.2d 943, 947 (1992).

Turning to the *Powell* factors, the Court finds that the government has demonstrated good faith via the declaration of Jeffrey Marino ("Marino"), a Revenue Agent of the IRS. (ECF No. 3-1 at 1). Marino's declaration reveals that: 1) the investigation is being conducted pursuant to a legitimate purpose— accurately determining Petitioners' tax liability; 2) the information held by the relevant financial institutions would assist the IRS in accurately determining Petitioners' tax liability; 3) the information sought is not already within the IRS's possession; and 4) the administrative steps required by the Internal Revenue Code were followed. (*See id.* at 2-4). The Court therefore finds that the government has satisfied the *Powell* factors. 379 U.S. at 57–58.

The "heavy" burden therefore shifts to Petitioners to show abuse of process or the lack of institutional good faith. *Fortney*, 59 F.3d at 120. Petitioners first argue that the summonses were not issued in good faith because the "IRS never disclosed they were seeking [Petitioners'] financial records." (ECF No. 5 at 2). Marino attempted to obtain requested information from the Petitioners prior to issuing the summonses to the relevant financial institutions. (ECF No. 3-1 at 3). Marino sent letters to Petitioners indicating that he would request documents relating to Petitioners' tax returns. (ECF No. 5 at 14-15). Petitioners' first contention is plainly false.

Petitioners next argue that the summonses were not issued in good faith because the IRS "has produced no credible evidence of assessed liability." (*Id.* at 2). The IRS issued the summonses in an attempt to determine Petitioners' liability after they amended their 2018 tax return to show $0.00 in income. The IRS has clear statutory authority to issue summonses "[f]or the purpose of ascertaining the correctness of any return. . . ." 26 U.S.C. § 7602(a). Petitioners'

second contention is a circular argument contrary to statutory authority and the Court gives it no weight.

For the foregoing reasons, Petitioners have not met their heavy burden to demonstrate abuse of process or the lack of institutional good faith.

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Petitioners' Petition to Quash Summons (ECF No. 1) is DENIED.

It is further ordered that the United States' Motion to Dismiss or Summarily Deny Petition and Enforce Summons (ECF No. 3) is GRANTED.

It is further ordered that the United States shall file a proposed order enforcing the relevant summons on the docket within 14 days of the date of this order.

DATED THIS 13th Day of July 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE